**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**RICHARD RUBIN,**

**Plaintiff,**

**vs.** **No. CIV 13-0047 RB/WPL**

**STEVEN JENKUSKY, M.D.;**
**NEW MEXICO MEDICAL BOARD,**
**STEVEN WEINER, M.D., Chairman,**
**LINDA HART, Executive Director,**
**DAN RUBIN, Prosecutor;**
**NEW MEXICO DEPARTMENT OF HEALTH,**
**LINDA GORGOS, M.D., former Medical Director,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order. (Doc. 19). Jurisdiction is based on federal question. *See* 28 U.S.C. § 1331. Having carefully considered the submissions of counsel, the court record, and relevant law, the Court grants the motion for reconsideration and dismisses this matter with prejudice.

## I. Background

Plaintiff was a licensed Physician's Assistant working at Zia Health and Wellness in Albuquerque, New Mexico, a business that assists people seeking certification to use medical marijuana under the provisions of the New Mexico Medical Cannabis Program (Program), which authorizes the medical use of cannabis under certain conditions pursuant to the Lynn and Erin Compassionate Use Act, (CUA), N.M. STAT. ANN. §§ 26-2B-1 to 26-2B-7. (Doc. 1).

On December 23, 2011, Linda Gorgos, a former Medical Director with the New Mexico Medical Board (NMMB), sent Plaintiff a letter reminding him that he must establish provider-

patient relationships with applicants before issuing certifications under the Program. (Doc. 8-1). On May 29, 2012, Lynn Hart, Executive Director of the NMMB, issued a Notice of Contemplated Action informing Plaintiff that the NMMB had sufficient evidence that he had certified applicants and prescribed marijuana for numerous persons without the required provider-patient relationships in violation of the CUA, the New Mexico Criminal Code, N.M. STAT. ANN. § 30-31-20(B), and the New Mexico Uniform Licensing Act, N.M. STAT. ANN. §§ 61-6-1 to 61-6-35. (Doc. 8-2).

The Notice of Contemplated Action specified the allegations against Plaintiff and informed him of his right to a hearing, right to counsel, right to present evidence, right to cross examine witnesses, and right to subpoena witnesses and evidence. (*Id*.) The Notice of Contemplated Action stated that if Plaintiff failed to request a hearing within twenty days, the NMMB "will take the contemplated action, i.e., imposing sanctions that could include the revocation or suspension of your license to practice medicine in the State of New Mexico, and there will be no judicial review of their decision." (*Id*.) On June 1, 2012, the NMMB set a hearing on the Notice of Contemplated Action and advised Plaintiff he had the right to be represented by counsel at the hearing, to examine witnesses, to compel discovery, to take depositions, and to subpoena the attendance of witnesses. (*Id*.)

On June 26, 2012, Plaintiff signed an Unopposed Joint Motion for Stipulated Order waiving a hearing and agreeing to a Stipulated Order. (Doc. 8-3). The Stipulated Order suspended Plaintiff's license to practice medicine for one year and his license to prescribe controlled substances for two years. (*Id*.)

On January 16, 2013, Plaintiff filed a Complaint for Violation of Constitutional and Statutory Rights and Immunity and Petition for Declaratory and Injunctive Relief, citing to 42

U.S.C. § 1983 and alleging a violation of statutory immunity; denial of due process and equal protection; defamation per se; malicious abuse of process; infliction of emotional distress; wrongful interference with past, present and prospective relationships; administrative conspiracy; and fraudulent inducement. (Doc. 1).

On May 3, 2013, Defendant NMMB filed a Motion to Dismiss asserting failure to state a claim and Eleventh Amendment immunity. (Doc. 13). On the same date, Defendants Steven Jenkusky, M.D., Steven Weiner, M.D., Lynn Hart, and Dan Rubin filed a Motion to Dismiss Federal Claims Based on Absolute and Qualified Immunity, asserting failure to state a claim, absolute immunity, Eleventh Amendment immunity, and qualified immunity. (Doc. 14). After Plaintiff failed to respond to the Motions to Dismiss, Defendants filed notices of completion of briefing on May 29, 2013. (Docs. 16-17).

On July 8, 2013, the Court granted Defendants' Motions to Dismiss on the ground that Plaintiff had consented to the requested relief by his failure to respond. (Doc. 18). Plaintiff filed his Motion for Reconsideration of Order on August 6, 2013, asking the Court to consider the merits of the Motions to Dismiss, explaining that he did not respond to the motions as a matter of strategy, and contending he is entitled to statutory immunity. (Doc. 19). Defendants filed a response in opposition, observing that Plaintiff deliberately failed to respond, and Plaintiff has not satisfied the requirements of FED. R. CIV. P. 59(e) or 60(b). (Doc. 23).

## II. Legal Standards

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Rather, the Court has discretion to revise interlocutory orders before the entry of a final judgment. *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008).

When ruling on a motion to reconsider, the Court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)." *Id*.

Plaintiff asks the Court to consider the merits of Defendants' Motions to Dismiss. When considering a FED. R. CIV. P. 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) (quotation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Generally, a court considers only the contents of the complaint when analyzing a Rule 12(b)(6) motion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Exceptions to this general rule include documents incorporated by reference in the complaint and documents referred to in and central to the complaint, when no party disputes authenticity. *Id.; Utah Gospel Mission v. Salt Lake City Corp*., 425 F.3d 1249, 1253-54 (10th Cir. 2005); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The Tenth Circuit has explained "if a plaintiff does not incorporate by reference or attach a document to [his] complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).

## III. Discussion

Plaintiff has not filed responses to the Motions to Dismiss. "Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the Court must still examine the complaint and determine whether the plaintiff has stated a claim upon which relief can be granted. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003). In this case, after Plaintiff failed to respond to the Motions to Dismiss, or request an extension of time, the record indicated that he had conceded the motions. However, in his Motion to Reconsider Order Plaintiff states that he did not concede, he chose not to respond for strategic purposes, and asks the Court to reconsider the merits of the motions. The Court will grant Plaintiff's request and reconsider its ruling.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating two elements: (1) the plaintiff was deprived of a right that federal law protects; and (2) the defendant who deprived him of his right did so under color of state law. *See Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct; some factual basis for such claims must be set forth in the pleadings. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

Plaintiff's federal claims are for violation of procedural due process and equal protection. Both of these claims are based on the premise that his license was summarily suspended without a hearing. However, the record demonstrates that Plaintiff waived his right to a hearing and agreed to the suspension of his license to practice medicine. (Docs. 8-1 through 8-3). With

respect to the procedural due process violation, case law firmly establishes that failure to attend a deprivation hearing waives any claims a party might raise about the hearing's adequacy. "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Plaintiff was fully informed of his procedural rights. By failing to take advantage of those procedures, Plaintiff waived his right to challenge them in federal court. *See Pitts v. Bd. of Educ.*, 869 F.2d 555, 557 (10th Cir. 1989).

Similarly, Plaintiff has failed to state an equal protection claim. "The first element of an equal protection claim is that the plaintiff was 'intentionally treated differently from others similarly situated.' " *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). "This element is especially important in class-of-one cases." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004). Accordingly, "a plaintiff must first establish that others, 'similarly situated in every material respect' were treated differently." *Kan. Penn Gaming*, 656 F.3d at 1216 (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)). As Plaintiff has failed to allege any facts that would satisfy this element, he has failed to state an equal protection claim. Accordingly, Plaintiff has failed to state a federal claim.

Plaintiff's state-law claims are subject to the New Mexico Tort Claims Act (NMTCA). *See Methola v. Cnty. of Eddy*, 95 N.M. 329, 333-34, 622 P.2d 234, 238-39 (1980). The NMTCA provides a general grant of immunity from tort claims against government entities and public employees, unless a particular exception applies. *See* N.M. STAT. ANN. § 41-4-4(A). The NMTCA waives sovereign tort immunity in enumerated circumstances. See N.M. STAT. ANN. §§ 41-4-5 to 41-4-12. A governmental entity or employee may not be sued unless the plaintiff's

cause of action fits within one of these exceptions. *See Begay v. State*, 104 N.M. 483, 486, 723 P.2d 252, 255 (Ct. App. 1985), *rev'd sub nom. on other grounds by Smialek v. Begay*, 104 N.M. 375, 721 P.2d 1306 (1986). Plaintiff has failed to allege or establish that any of his state law claims fit within one of these exceptions. Accordingly, his state law claims are barred by the NMTCA and sovereign immunity. Dismissal with prejudice is appropriate where a complaint fails to state a claim and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Order is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed with prejudice.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**