IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICHARD RUBIN,**

       **Plaintiff,**

**vs.**                                       **No. CIV 13-0047 RB/WPL**

**STEVEN JENKUSKY, M.D.;**
**NEW MEXICO MEDICAL BOARD,**
**STEVEN WEINER, M.D., Chairman,**
**LINDA HART, Executive Director,**
**DAN RUBIN, Prosecutor;**
**NEW MEXICO DEPARTMENT OF HEALTH,**
**LINDA GORGOS, M.D., former Medical Director,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 37). Defendants oppose the motion. Having considered the submissions of counsel and relevant law, the Court denies the motion.

**I.     Background**

On January 16, 2013, Plaintiff filed a Complaint of Violation of Constitutional and Statutory Rights and Immunity and Petition for Declaratory and Injunctive Relief, alleging that Defendants violated his constitutional rights and statutory immunity when they suspended his medical license. (Doc. 1). On December 17, 2013, the Court dismissed the complaint for failure to state a claim. (Doc. 35). Judgment was entered on December 18, 2013. (Doc. 36). On January 15, 2014, Plaintiff filed a motion for reconsideration.

**II.    Discussion**

A party who seeks reconsideration of a judgment may "file either a motion to alter or amend the judgment pursuant to FED. R. CIV. P. 59(e) or a motion seeking relief from the

judgment pursuant to FED. R. CIV. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* FED. R. CIV. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment is governed by Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Plaintiff's motion for reconsideration was filed twenty-eight days after judgment. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Rule 59(e).

The Tenth Circuit recognizes only certain grounds for granting a Rule 59(e) motion, including: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Courts routinely deny Rule 59(e) motions that attempt to rehash old arguments or re-argue more persuasively issues already presented to the Court. *See, e.g., National Metal Finishing Co., Inc. v. Barclays American/Commercial Inc*., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court"); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (stating that motions for reconsideration under Rule 59(e) which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent . . . were properly rejected by the district court").

2

In his motion for reconsideration, Plaintiff repeats and re-emphasizes arguments he previously presented and the Court found to be unpersuasive. For instance, Plaintiff states: "The Court should reconsider again, and restore the case to the Court's trial docket." (Doc. 37 at 4). Plaintiff reiterates "Plaintiff asks the Court to again reconsider, but this time the Court should really consider the claims and defenses set out in the pleadings . . . for resolution of the claims and defenses of the parties, rather than unreasonably dismissing Plaintiff's claims without fair consideration." (Doc. 37 at 5). Simply put, Plaintiff has not shown an intervening change in the controlling law; new evidence that was previously unavailable; or the need to correct clear error or prevent manifest injustice.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 37), is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**